## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| ALEXANDER JIGGETTS | * | |
|---|---|---|
| Petitioner | * | |
| v | * | Civil Action No. JFM-17-2977 |
| STATE OF MARYLAND | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was transferred to this court from the United States District Court for the Southern District of New York. For reasons that should now be familiar to Mr. Jiggetts, the complaint must be dismissed.

Alexander Jiggetts again alleges in this self-represented pleading that his conviction for telephone misuse resulted in an illegal sentence and was otherwise improper. Specifically he alleges that his July 28, 2016 guilty plea to telephone misuse in the Circuit Court for Baltimore City resulted in an illegal sentence of three years because he was not given credit for the full time he spent confined involuntarily after he was found not competent to stand trial. ECF 1 at p. 1. Jiggetts also claims that he was improperly found guilty of two counts of telephone misuse when only one phone call was made; he claims this constitutes double jeopardy and makes his consecutive sentences illegal. *Id.* at p. 2.

Jiggetts also complains about alleged improprieties in his arrest and subsequent detention on charges he violated his probation. He claims he was not seen by a commissioner for purposes of bail review and that the court's requirement that he remain on prescribed psychotropic medications as a part of his probation is illegal because it is not a condition that is pre-printed on

the forms he was provided, but is handwritten in by the judge. ECF 1 at pp. 2 – 5. As relief, Jiggetts seeks damages in the amount of ten million dollars. *Id.* at p. 4.

As previously advised by this court on numerous occasions,[1] Jiggetts may not challenge the validity of his criminal case through a civil suit for damages under §1983. *See Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed), *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Jiggetts remains free to avail himself of post-conviction remedies as established under Maryland state law to raise the claims asserted. A separate order dismissing the complaint follows.

Oct. 16, 2017
_____
Date

James K. Bredar
_____
James K. Bredar
Chief United States District Judge

---

[1]     *See Jiggetts v. Hepburn*, Civ. Action JFM-14-3217 (D. Md. 2014) (dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U. S. 477, 487 (1994)); *Jiggetts v. Bailey*, Civ. Action JFM-14-3220 (D. Md. 2014) (same), *Jiggetts v. Johnson*, Civ. Action JFM-14-3247 (D. Md. 2014) (same), *Jiggetts v. Baltimore County*, Civ. Action JFM-17-1526 (D. Md. 2017) (same), *Jiggetts v. Balt. Co. Police Dep't.*, Civ. Action JFM-17-1593 (D. Md. 2017) (same), *Jiggetts v. District Court Patapsco*, Civ. Action JFM-17-1691 (D. Md. 2017) (same), *Jiggetts v. Baltimore City State's Attorney*, Civ. Action JFM-17-1868 (D. Md. 2017) (same), and *Jiggetts v. State of Maryland*, Civ. Action JFM-17-2360 (D. Md. 2017) (same).